The opinion of the Court was delivered by
G-antt, J.
In all undertakings of this kind, those who may become adventurers, are influenced in their determination, by the terms or scheme as published. One of the contracting parties has no right to the terms without the approbation of the other; those terms may be said to constitute the law of the ease, and if not strictly fulfilled, the consideration has failed, upon which the money was paid. This conclusion I take to be very clear, upon general principles.
On the part of the defendants it has been urged, that they entertain a hope of being yet able to prosecute this lottery; but it is contended, that by the 4th section of an Act of the Legislature, passed in 1810, they are allowed five years to draw and complete the lottery, and that no action can be maintained against them for moneys paid for tickets till the expiration of that period. The clause alluded to is in these words : *“ And be it further enacted,[1] That all lotteries which have been pggq granted during the present session of the Legislature, or which L may hereafter be granted, shall be, and they are hereby declared to be forfeited, unless the same shall have been drawn and completed within the term of five years from the date of the grant.” The object of this Act was to forbid and put down all private unauthorized lotteries, imposing a penalty against those who should transgress therein, and constituted it an indictable offence. The clause is quoted in relation to granted lotteries, and can have no possible bearing upon this question. Under its sanction, it may be said, that the commissioners might have submitted a scheme which would have put it out of the power of those who purchased tickets, to compel a return of the money intended to be risked, until the expiration of the five years from the grant, but such was not the scheme adopted by them. The object of the clause was not to authorize the commissioners appointed to conduct a lottery, to violate *706 the terms of a scheme which they might propose, and under which persons might have been induced to purchase, but to compel the adoption of some scheme or plan by which the lottery should be completed within the prescribed time, and on failure, that it should be forfeited. In this case, it is apparent that the contract between the plaintiff and the commissioners has been violated on their part. The plaintiff has paid money on a consideration which has failed, and the defendants ought ex aequo et bono to refund.
M‘Duffie, for the motion. W B. Davis, contra.
I am of opinion that the decree should be set aside, and that a new trial should be granted.
Colcock, Richardson and Huger, JJ., concurred.
Johnson, J., dissented.

 5 Btat. 622, <S 4.